UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
U.S. BANK NATIONAL ASSOCIATION, :
:
                Plaintiff, :
:
      -v- : 24-CV-2581 (JMF)
:
218 REALTY LLC et al., : ORDER
:
               Defendants. :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Plaintiff U.S. Bank National Association ("U.S. Bank") brings this action against Defendants 218 Realty LLC, Nechemia Gross, Eugene Weiss, The City of New York Environmental Control Board ("NYECB"), and John Doe No. I through John Doe No. XXX, invoking the Court's subject matter jurisdiction on the ground of diversity of citizenship. *See* 28 U.S.C. § 1332. Plaintiff alleges that it is a citizen of Ohio. *See* ECF No. 1 ("Complaint") ¶ 10. It alleges that Defendants Gross and Weiss, both citizens of New York, are members of the Defendant LLC, and that the NYCEB is also a citizen of New York. *See id.* ¶¶ 11-15.

      It is well established that a limited liability company ("LLC") is deemed to be a citizen of **each** state of which its members are citizens. *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000); *see also Altissima Ltd. v. One Niagara LLC*, No. 08-CV-756S(M), 2010 WL 3504798, at *2 (W.D.N.Y. Sept. 2, 2010) (noting that every other Court of Appeals to have considered LLC citizenship has held that an LLC has the citizenship of all of its members). Thus, a complaint premised upon diversity of citizenship must allege the citizenship of **all** natural persons who are members of an LLC and the place of incorporation and principal place of business of any corporate entities that are members of the LLC (including the

citizenship of any members of the LLC that are themselves LLCs).  *See Handelsman*, 213 F.3d at 51-52; *see also, e.g.*, *In re Bank of Am. Corp. Sec., Derivatives, and ERISA Litig.*, 757 F. Supp. 2d 260, 334 n.17 (S.D.N.Y. 2010).  Additionally, a party's citizenship, including the citizenship of LLC members, "must be affirmatively pled."  *Prospect Funding Holdings, LLC v. Fennell*, No. 15-CV-4176 (LLS), 2015 WL 4477120, at *1 (S.D.N.Y. July 15, 2015).  In the present case, the Complaint alleges that Defendant Gross is the "managing member" of the Defendant LLC and that Defendant Weiss "is also a member of" the Defendant LLC, but it does not explicitly allege that they are the *only* members of the Defendant LLC.

Accordingly, it is hereby ORDERED that, on or before **May 10, 2024**, Plaintiff shall file a letter confirming that Gross and Weiss are indeed the only members of the Defendant LLC.  If that is not the case, by no later than **the same date**, Plaintiff shall amend its Complaint to affirmatively allege the citizenship of *each* constituent person or entity comprising the Defendant LLC as well as the citizenship of all individual parties.  If, by that date, the Plaintiff is unable to either confirm that citizenship has been adequately alleged or amend the Complaint to truthfully allege complete diversity of citizenship, then the Complaint will be dismissed for lack of subject matter jurisdiction without further notice to either party.

SO ORDERED.

Dated: May 6, 2024
       New York, New York

_____
JESSE M. FURMAN
United States District Judge